IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KELI HEILMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:19-cv-1695 |
| | § | |
| | § | |
| **COSCO SHIPPING LOGISTICS** | § | |
| **(NORTH AMERICA) INC.,** | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Keli Heilman ("Heilman" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of COSCO SHIPPING Logistics (North America) Inc. ("COSCO" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for disability discrimination suffered by Heilman in the course of her employment with Defendant. Heilman complains that Defendant discriminated against her when it failed and refused to engage in the interactive process after Heilman made a request for a reasonable accommodation.

2. This action also seeks unpaid overtime compensation, an equal amount in liquidated damages, attorneys' fees, and costs/expenses under the Fair Labor Standards Act.

Specifically, Heilman complains that she routinely worked in excess of 40 hours in a work week with the knowledge of Defendant, yet Defendant failed to pay her overtime compensation beginning in or about 2007. Prior to then, Defendant paid Heilman overtime compensation for hours she worked in excess of 40 in a work week.

3. Heilman demands a jury on all issues triable to a jury.

## II.   PARTIES

4. Heilman is a citizen of the United States and is currently a resident of Blue Shoals, Arkansas. During the time in which Heilman's causes of action arose, she was a resident of Spring, Harris County, Texas.

5. COSCO is a Texas corporation with a principal place of business at 15600 JFK Boulevard, Houston, Texas 77032. Defendant also regularly conducts business in this judicial district, including in Houston, Texas. Defendant is an "employer" under the FLSA and acted as such in relation to Heilman. Defendant's registered agent for service of process is National Registered Agents, Inc., who may be served at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The amount in controversy is within the jurisdictional limits of this Court.

7. Heilman's claim under the Fair Labor Standards Act ("FLSA") arises under Section 216(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this Complaint, Heilman engaged in commerce or in the production of goods for commerce.

Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA. Additionally, upon information and belief, Defendant had annual gross revenues or business done of at least $500,000 during the period of time for which Heilman seeks recovery of damages, which period is three (3) years prior to the filing of this lawsuit.

8. Venue is proper in the Southern District of Texas—Houston Division because the unlawful employment practices were committed within this District.

### IV.    PROCEDURAL REQUISITES

9. Heilman filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 524-2018-00255 with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 30, 2018. In her Charge, Heilman asserted that Defendant discriminated against her because of her disability. Specifically, Heilman asserted that Defendant failed to engage in any interactive process in providing her with an accommodation, in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

10. On February 6, 2019, the EEOC issued a Notice of Right to Sue letter, entitling Heilman to file an action in this Court.

11. The filing of this lawsuit has been accomplished within ninety (90) days of Heilman's receipt of the Notice of Right to Sue letter.

12. All conditions precedent to filing this cause of action have been met.

### V.    FACTS

13. Heilman began working for Defendant on or about July 11, 2001, as an Intermodal Coordinator at Defendant's office in Houston, Texas. Heilman was a high-performing employee who received positive performance appraisals and regular increases in her hourly compensation.

14. Heilman suffers from chronic Lyme disease, as well as other medical conditions.

In or about late 2016, Defendant became aware of Heilman's medical condition when she requested and received approximately three (3) months of leave under the Family and Medical Leave Act ("FMLA") in connection with her medical condition.

15. On or about May 23, 2017, due to ongoing issues with her medical condition and the side effects of the treatments she was receiving, Heilman asked her immediate supervisor, Victor Booth ("Booth"), whether she could work from home part-time as a reasonable accommodation for a period of approximately three (3) months. Booth indicated that he would "think about it." After more than one (1) month had passed and Heilman still had not received a response from Booth, on June 26, 2017, Heilman approached Booth and asked once more about working from home part-time. In response, Booth, who appeared angry, indicated that if Heilman could not "f*cking work full-time," she should either "go on disability or be terminated." Booth also shared with Heilman that he had not passed along her request to work from home part-time to Defendant's Human Resources Department. In response, Heilman packed a few personal belongings, left Defendant's premises, and visited her physician that same day. After visiting with her physician, Heilman went out on short-term disability leave.

16. Because Heilman did not want to be terminated, she began the process of filing for long-term disability leave with Aetna. As part of that process, Heilman was in contact with Karen Hernandez ("Hernandez") in Defendant's Human Resources Department. In speaking with Hernandez, Heilman confirmed that Booth never conveyed Heilman's request for a reasonable accommodation to Hernandez, and to Heilman's knowledge, to anyone in Defendant's Human Resources Department.

17. While Heilman was on short-term disability, she had a telephone conversation with Hernandez; Adeline Roccella, Manager of Human Resources; and David Marcano, in-house counsel about her request to work from home part-time, and the fact that she had routinely

4

performed work on behalf of Defendant from home throughout her employment with Defendant. No representative of Defendant gave Heilman any indication one way or another during that telephone call as to whether her accommodation request was being considered by Defendant, nor did Heilman ever receive any subsequent feedback concerning her request for accommodation.

18.     Defendant failed and refused to make any accommodation for Heilman and failed to engage in any interactive process with Heilman concerning her request for accommodation.

19.     Heilman's application for long-term disability was denied by Aetna in early September 2017.  Heilman appealed Aetna's decision.  Aetna denied Heilman's appeal in or about mid-December 2017.  Defendant terminated Heilman's employment on January 12, 2018, citing the lack of a release to return to work from Heilman's physicians.

20.     At no time did Defendant engage in the interactive process with Heilman under the ADAAA; contact either of Heilman's physicians to inquire about what type(s) of accommodation(s) might assist Heilman; or offer Heilman any reasonable accommodation.

21.     Heilman was qualified for the position that she held with Defendant.

22.     Defendant compensated Heilman by paying her on an hourly basis.  Heilman generally worked in Defendant's office from 8:30 a.m. to 5:00 p.m., Monday through Friday of each work week, with a one (1) hour lunch.  Additionally, Heilman routinely performed work outside of the office—usually from her home—"off the clock" after hours during the week, on weekends, and on holidays with the full knowledge of (and oftentimes, at the request and/or direction of) Booth and others at Defendant.  The total amount of time that Heilman spent performing off-the-clock work during the last three (3) years of her employment with Defendant varied from week to week, with Heilman sometimes performing several hours of uncompensated work each work week.  Some of the off-the-clock work performed by Heilman included rail-billing containers, answering after-hours work-related telephone calls, and responding to emails.

Nevertheless, Defendant failed and refused to compensate Heilman for such off-the-clock work, although it had previously paid Heilman overtime for hours she worked in excess of 40 in a work week until it ceased doing so in or about 2007.

23. Given the manner in which Defendant compensated Heilman (on an hourly basis), Heilman was, at all times during her employment with Defendant, a non-exempt employee under the FLSA. As a result, Defendant was required to pay Heilman overtime compensation for all hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of Defendant outside of Defendant's office.

24. However, notwithstanding its obligations under the FLSA, Defendant did not compensate Heilman for all time she worked, entitling Heilman to unpaid overtime compensation, an equal amount in liquidated damages, and now that she has been forced to retain counsel, attorneys' fees and related costs/expenses for Defendant's violations of the FLSA.

25. Defendant's illegal pattern and practice with respect to overtime compensation for Heilman was in violation of the FLSA. Defendant knew or should have known that its policies and practices violated the FLSA, but Defendant did not make a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice.

## VI. DISABILITY DISCRIMINATION UNDER THE ADAAA

26. Heilman incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Defendant discriminated against Heilman in violation of the ADAAA.

28. Specifically, Defendant failed and refused to make any accommodations for Heilman and failed to engage in any interactive process with Heilman concerning her request for a reasonable accommodation. Defendant's actions constitute disability discrimination under the

ADAAA, 42 U.S.C. § 12101, *et seq*.

29. As a result of Defendant's discriminatory actions, Heilman has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Heilman. In all probability, Heilman will continue to suffer such damages in the future.

30. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Heilman.

### VII. VIOLATION OF THE FLSA

31. Heilman incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Defendant had a statutory obligation to pay Heilman overtime for all hours she worked in excess of 40 during a work week. In her position of Intermodal Coordinator, Heilman regularly worked in excess of 40 hours per week during her employment with Defendant, and Defendant was aware that Heilman was performing such compensable work—and that such work was performed "off the clock," usually from Heilman's home. However, Defendant failed and refused to pay Heilman for the hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of Defendant. Accordingly, Heilman is entitled to overtime compensation at the appropriate overtime rate for all hours she worked in excess of 40 in a given work week.

33. Heilman is also entitled to an amount equal to her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs/expenses of this action. 29 U.S.C. § 216(b).

### VIII. JURY DEMAND

34. Heilman requests a trial by jury on issues triable by a jury in this case.

## IX.   PRAYER

WHEREFORE, Plaintiff Keli Heilman respectfully prays that upon final trial hereof, this Court grant her the following:

**Under the ADAAA:**

Appropriate back pay, including, but not limited to, Heilman's annual compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including her annual compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

**Under the FLSA:**

Overtime wages for all unpaid hours worked in excess of 40 hours per work week at the appropriate overtime rate; an equal amount as liquidated damages; an injunction against further violations; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; post-judgment interest as allowed by law; taxable court costs and expenses of this action; and such other and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Southern District ID No. 34842
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
KELI HEILMAN**