United States District Court
Southern District of Texas

**ENTERED**

January 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELI HEILMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1695 |
| | § | |
| COSCO SHIPPING LOGISTICS | § | |
| (NORTH AMERICA) INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case in which all pending motions have been referred by the District Judge is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 13). In that motion, Defendant seeks an Order dismissing Plaintiff's overtime claim under the Fair Labor Standards Act ("FLSA") as both untimely and as not plausible given the absence of any factual allegations that she worked more than forty hours a week in any given week. Having considered the motion, Plaintiff's response in opposition, Defendant's Reply, the allegations in Plaintiff's Original Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Motion to Dismiss be DENIED.

This is a employment case with claims of both disability discrimination and violations of the FLSA. Plaintiff Keli Heilman, having worked for Defendant since 2001 as a intermodal coordinator, was terminated in January 2018, after her application for long-term disability benefits was denied and she did not return to work. Heilman alleges in her Original Complaint, which was filed on May 8, 2019, that Defendant violated the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") when it "failed and refused to make any accommodations for [her] and failed to engage

in an interactive process with [her] concerning her request for reasonable accommodation" and violated the FLSA when Defendant "failed and refused to pay [her] for the hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of Defendant." Defendant, with its Rule 12(b)(6) motion, seeks dismissal of only the FLSA claim.

In that Rule 12(b)(6) motion, Defendant argues that given Heilman's admission that the last day she worked for Defendant was June 26, 2017, and given that Heilman filed this lawsuit on May 8, 2019, the only timely FLSA claim would be based on overtime worked within two years of the date this case was filed – that being from May 8, 2016 - June 26, 2017. Additionally, Defendant argues that given Heilman's allegations in her Complaint that she "generally worked in Defendant's office from 8:30 a.m. to 5:00 p.m., Monday through Friday of each work week, with a one (1) hour lunch" (a total of 37.5 hours a week), and the fact that she only generally alleged that she "routinely" worked from home and that the time she worked from home "varied from week to week," Heilman has not plausibly alleged that she worked overtime in any given week, much less any week within the applicable limitations period.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim

alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

Here, Defendant challenges the plausibility of Heilman's FLSA claim on the basis that her allegations of having worked more than forty hours a week are too general and/or conclusory, particularly given the very short period of time that Heilman, in any event, could recover under the FLSA given the generally applicable two year statute of limitations. Heilman, in response, argues that she has alleged sufficient facts to state a plausible FLSA claim and decidedly more than was found insufficient in *Coleman v. John Moore Servs., Inc.*, No. CIV.A. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014), that Defendant's statute of limitations defense is not clear on the face of the complaint, and that any pleading deficiencies can be cured through an amendment.

3

The Fifth Circuit has not yet addressed the type of specificity required when pleading an FLSA overtime claim, but District Courts generally require plaintiffs to include more than generalized and conclusory allegations that they have worked in excess of forty hours a week. *See Coleman*, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.) ("this court finds that more is required of a plaintiff than an "all purpose pleading template" with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action."). Here, while there are some generalized, conclusory allegations in Heilman's Original Complaint about the hours she worked, there are also some detailed allegations about the type of "off-the-clock" work she routinely she did from home, and allegations that "[t]he total amount of time [she] spent performing off-the-clock work during the last three (3) years of her employment with Defendant varied from week to week, with Heilman sometimes performing several hours of uncompensated work each work week." Original Complaint at 5. These allegations are not so bare-bones or bereft of factual details to support a determination that Heilman has not stated a plausible FLSA overtime claim. *See e.g., Saucedo v. MSF Electric, Inc.*, Civil Action H-17-1943, 2017 WL 5997770 * 2-3 (S.D. Tex. Dec. 4, 2017) (denying motion to dismiss where plaintiff alleged "he was a nonexempt employee, that he regularly worked more than forty hours per work week, and that he was not paid at the overtime rate for those hours"); *Hoffman v. Cemex, Inc.*, Civil Action No. H-09-3144, 2009 WL *3 (S.D. Tex. Dec. 8, 2009) ("The plaintiffs allege that they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a half for those overtime hours. Those are all factual allegation—not legal conclusions—and, if proven, they give rise to a plausible claim for relief.").

4

As for Defendant's limitations argument, that argument cannot support the dismissal of Heilman's FLSA claim under either a two or three year statute of limitations. "Ordinarily, claims brought under the Fair Labor Standards Act are subject to a two-year statute of limitations. 'However, this limitations period is extended to three years for claims based on willful violations of the FLSA.' To prove willfulness and obtain the benefit of an additional year, "an employee must establish that the employer 'either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA].'" *Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 686 (N.D. Tex. 2018) (internal citations omitted). Here, Heilman's allegations are sufficient to state a plausibly timely FLSA claim under the two year limitations for the period between May 8, 2017 (two years prior to the date this case was filed) and June 26, 2017 (the last day Heilman worked for Defendant). In addition, Heilman's allegations that "Defendant was aware that Heilman was performing such compensable work – and that such work was performed "off the clock," usually from Heilman's home," and that "Defendant failed and refused to compensate Heilman for such off-the-clock work, although it had previously paid Heilman overtime for hours she worked in excess of 40 in a work week until it ceased doing so in or around 2007," Original Complaint at 6, 7, are also sufficient to state a plausibly timely FLSA claim under the three year statute of limitations for willful violations of the FLSA between June 26, 2016, and June 26, 2017.

Based on the foregoing and the conclusion that Plaintiff Keli Heilman's allegations in her Original Complaint state a plausible FLSA claim, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss (Document No. 13) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

5

written objections pursuant to 28 U.S.C. § 636(b)(1)©, FED. R. CIV. P. 72(b).   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. An*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _____ day of January, 2020.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE